PEOPLE v O'QUINN

Docket No. 114444. Submitted May 10, 1990, at Detroit. Decided August 7, 1990.

Robert J. O'Quinn was convicted of breaking and entering an occupied building following a jury trial in Recorder's Court of Detroit, Kaye Tertzag, J. Defendant appealed by delayed leave granted.

The Court of Appeals *held:*

1. The pretrial order forbidding any reference to the fact that the automobile associated with the robbery of the building was a stolen vehicle was broad enough to prohibit any reference to the fact that the license plate on the automobile was also stolen. The reference to the stolen license plate during the prosecution's examination of the arresting officer, coupled with the nonresponsive answers of the officer during cross-examination to the effect that the automobile was stolen, constitute a violation of the pretrial order. Reversal is required because the prejudice inherent in those revelations could not be cured by a cautionary instruction.

2. The prosecution had no duty to provide defendant with any reasonable assistance in locating and securing the female passenger of the automobile involved in the burglary, since it is clear that she was an accomplice and the prosecution's responsibility to provide assistance does not extend to accomplices.

3. Since the delay in bringing defendant to trial was less than eighteen months, defendant had the duty to show prejudice arising out of the delay in support of his speedy trial claim. Prejudice not having been shown, the speedy trial claim fails.

Reversed and remanded.

1. PROSECUTING ATTORNEYS — PROSECUTORIAL MISCONDUCT.

The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial.

REFERENCES

Am Jur 2d, Criminal Law §§ 771, 1006; Prosecuting Attorneys §§ 20, 26-28.

See the Index to Annotations under Prosecuting Attorneys, Witnesses.

2. CRIMINAL LAW — WITNESSES — ACCOMPLICES.

The prosecution does not have a duty to provide reasonable assistance to a defendant in locating and serving process upon a witness where the witness is an accomplice (MCL 767.40a; MSA 28.980[1]).

3. CRIMINAL LAW — DUE PROCESS — SPEEDY TRIAL.

A court which considers a speedy trial claim must consider the length of the delay, the reasons for delay, whether the defendant demanded a trial, and whether the defendant was prejudiced by the delay; the defendant carries the burden of establishing prejudice where the delay is under eighteen months.

*Vincent Schumacher,* for defendant.

Before: MACKENZIE, P.J., and SAWYER and DOCTOROFF, JJ.

PER CURIAM. Defendant appeals his conviction of breaking and entering an occupied building, MCL 750.110; MSA 28.305. A jury trial took place before Detroit Recorder's Court Judge Kaye Tertzag in December, 1987. On December 30, 1987, defendant was sentenced to two years six months to ten years imprisonment. This Court granted defendant's application for delayed appeal on January 10, 1989. On appeal, defendant raises three issues. First, defendant argues that prejudicial error occurred when the prosecutor violated the trial court's order in limine prohibiting evidence that the car involved was stolen. We agree and reverse defendant's conviction. Second, defendant argues that his conviction should be reversed because the prosecutor did not render reasonable assistance to locate and produce a witness. We disagree. Third, defendant argues that his right to a speedy trial was violated. We disagree.

At approximately 5:00 A.M. on May 23, 1987, Livonia Police Officers Michael Burke and Terrence Webb were on routine patrol when they observed a moving car in the parking lot of the

Wine Palace Party Store. The officers became suspicious and followed the car. A white male with dark hair and a white female with long hair were in the front seat of the car. At that time, the officers received information over the police radio that the alarm at the Wine Palace Party Store had sounded.

As the police followed the car, it accelerated up to sixty miles per hour and the officers lost sight of the vehicle. The officers subsequently located the car, which had crashed into a chain link fence. It was unoccupied. One hundred fifty-eight unopened cigarette packs, some lighters and a female's purse were inside the car. Officer Webb searched the area and found defendant and a female companion, Theresa Simpson, in a wooded lot about a block away from the car. According to Officer Webb, defendant and Simpson were kneeling down on all fours with their heads down, as if hiding. Officer Webb arrested defendant and Simpson. Defendant's fingerprints were found on the exterior left mirror of the car.

The owner of the Wine Palace Party Store testified that cigarettes and cigarette lighters were missing from the store after the robbery.

Defendant denied breaking into the Wine Palace Party Store. Defendant claimed that he had fallen asleep in the back seat of the car and that Theresa Simpson woke him and told him to run because they were being chased.

Prior to trial, Judge Sharon Tevis Finch granted defendant's motion in limine to suppress evidence that the car was stolen. At trial before Judge Tertzag, the prosecutor asked Officer Burke if he received any information relative to the license plate, and Burke answered: "The plate came back as being stolen." Defendant objected and moved for a mistrial. The trial court denied defendant's

motion on the ground that, although the pretrial order prohibited any evidence that the car was stolen, it did not prohibit reference to a stolen license plate.

On appeal, defendant contends that the prosecutor violated the trial court's order by deliberately eliciting testimony that the license plate was stolen. Defendant argues here, as below, that a reference to the stolen license plate was not different than a prohibited reference to a stolen car. We agree.

The role of a prosecutor is to seek justice, not merely to convict. *People v Wallace,* 160 Mich App 1, 10; 408 NW2d 87 (1987). The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Foster,* 175 Mich App 311, 317; 437 NW2d 395 (1989).

The order granting defendant's motion in limine was broad enough to prohibit introduction of evidence that the license plate was stolen. Evidence that the car was stolen was excluded on the ground that it was prejudicial. Evidence that the car's license plate was stolen is similarly prejudicial. The jury could infer from either piece of evidence that defendant was involved in an additional theft act. The evidence added nothing to the case except to suggest that defendant was a bad man. The prosecutor's question was clearly designed to elicit the information that the license plate was stolen. Furthermore, the information that the car was stolen was revealed and repeated three times by Officer Burke during cross-examination in response to questions asking why a police report had been written. Defense counsel's request that the answers be stricken as nonresponsive was denied.

Although Judge Tertzag issued a cautionary instruction, it is unlikely that the jury could have

disregarded the evidence. The prejudicial effect could not be overcome by the cautionary instruction. Hence, the repeated admission of evidence that the car and the car's license plate were stolen constituted prejudicial error requiring reversal.

Under his second issue, defendant argues that his conviction should be reversed because the prosecutor did not render reasonable assistance to locate and produce a witness.

Defendant's motion for assistance to locate and serve process upon Theresa Simpson was granted on November 16, 1987. The trial court denied defendant's motion for mistrial on the basis of the prosecutor's failure to produce Simpson at trial.

Defendant incorrectly asserts that Simpson was not a res gestae witness. A res gestae witness is a person who witnesses some event in the continuum of a criminal transaction and whose testimony will aid in developing a full disclosure of the facts. *People v Calhoun,* 178 Mich App 517, 521; 444 NW2d 232 (1989); *People v Baskin,* 145 Mich App 526, 530-531; 378 NW2d 535 (1985). We note that the present version of the res gestae witness statute, which applies in the present case, does not require the prosecutor to endorse and produce all res gestae witnesses. MCL 767.40a; MSA 28.980(1). However, the statute does require a prosecuting attorney to provide reasonable assistance to a defendant in locating and serving process upon witnesses. MCL 767.40a(5); MSA 28.980(1)(5).

At the hearing on this matter, the investigating officer testified that he was not notified by the prosecutor to give defendant assistance in locating Simpson. Therefore, the prosecutor did not provide reasonable assistance to defendant in locating Simpson. The relevant inquiry is whether the prosecutor's failure to render assistance in obtaining Simpson prejudiced defendant. In the present

case, we conclude that the prosecutor's failure to assist did not prejudice defendant.

Under the former res gestae statute, a prosecutor was required to endorse and produce all res gestae witnesses. *Baskin, supra,* p 531. An exception to the production requirement existed when the res gestae witness was an accomplice. *People v Jerry Smith,* 122 Mich App 106, 113; 332 NW2d 428 (1982), rev'd on other grounds 417 Mich 1100.39 (1983). The rationale behind the accomplice exception is equally applicable to the present statute. Hence, we conclude that the prosecutor does not have a duty to provide reasonable assistance to a defendant in locating and serving process upon an accomplice. The record contains sufficient indicia that Simpson was an accomplice. As an accomplice, Simpson would not be required to testify. *Id.* Hence, defendant was not prejudiced by the prosecutor's failure to act.

Defendant's final claim is that he was deprived of a speedy trial because he remained in custody longer than the six-month period provided in MCR 6.109.[1] Defendant remained in custody from his arrest on May 23, 1987, until trial commenced on December 8, 1987. A hearing on defendant's motion for release on personal bond was held on November 19, 1987. The trial court denied the motion. An order was entered on November 23, 1987.

Initially, we note that defendant appears to confuse the right to a speedy trial with the right to pretrial release under MCR 6.109. Violation of the right to a speedy trial can result in dismissal, whereas the court rule provides for release on personal recognizance pending trial and does not result in dismissal of the charges.

---

[1] MCR 6.109, while in effect at all times relevant here, was deleted from the Michigan Court Rules effective October 1, 1989.

MCR 6.109(B) provided in part:

> In a felony case in which the defendant has been incarcerated for a period of 6 months or more to answer for the same crime or a crime based on the same conduct or arising from the same criminal episode, or in a misdemeanor case in which the defendant has been incarcerated for a period of 28 days or more . . . , the defendant must be released on his or her own recognizance. In computing the 28-day and 6-month periods, the following rules apply:
>
> (1) The period of delay is excluded that results from other proceedings concerning the defendant, including but not limited to an examination and hearing on competency and the period in which he or she is not competent to stand trial; hearings on pretrial motions; interlocutory appeals; and trial of other charges.              .
>
> (2) The period of delay is excluded that results from an adjournment granted at the request or with the consent of the defense attorney, when concurred in on the record by the defendant, after he or she has been advised by the court of his or her right to a speedy trial and the effect of concurrence.
>
>              * * *
>
> (5) Other periods of delay for good cause within the discretion of the court are excluded. Docket congestion is not good cause for delay.

Originally, a calendar conference was held on July 10, 1987, and a trial was scheduled for September 28, 1987. However, on September 4, 1987, defendant brought four motions before Judge Finch. At that conference, the trial was postponed to March 8, 1988. On October 29, 1987, a hearing on a motion for bond reduction was held. Subsequently, on November 12, 1987, trial was moved forward to December 8, 1987. The six-month pe-

riod expired on November 23, 1987. Therefore, the trial was scheduled for fifteen days beyond the six-month period of MCR 6.109.

At the motion hearing on November 19, 1987, the trial court denied defendant's motion to be released on personal recognizance. The trial court indicated defendant had a past history of prison escapes and it was not going to release him in light of the criminal history and the nearness of the trial.

To the extent that defendant argues the trial court erred in denying his motion for release on personal bond, defendant's argument is without merit. In light of the reasons for the delay, the trial court did not err by refusing to release defendant on his own recognizance. The delay was short, there was no evidence that the prosecutor acted in a manner to delay the proceedings and the delay was occasioned by defendant's attempts to assert his own rights.

To the extent that defendant argues his right to a speedy trial was violated because he was held in custody longer than the six-month period provided in MCR 6.109, defendant's argument is without merit. A delay of six months is necessary to trigger further investigation when a defendant raises a speedy trial issue. *People v Holland,* 179 Mich App 184, 195; 445 NW2d 206 (1989), lv den 434 Mich 887 (1990). A delay of six months does not establish a speedy trial violation. Michigan courts adopted the balancing test stated in *Barker v Wingo,* 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972), for reviewing speedy trial claims. *People v Hill,* 402 Mich 272, 283; 262 NW2d 641 (1978). The four factors that must be balanced are (1) the length of the delay, (2) the reason for the delay, (3) whether defendant has asserted his right to a speedy trial, and (4) the prejudice to the

defendant. *Id.* The dispositive factor in this case is prejudice.

Where the delay is under eighteen months, the defendant must prove prejudice. *People v Collins,* 388 Mich 680, 695; 202 NW2d 769 (1972); *People v Wyngaard,* 151 Mich App 107, 112; 390 NW2d 694 (1986). Defendant asserts that he was prejudiced because he was unable to help find Theresa Simpson. The failure to produce Simpson did not result from any delay in the time from arrest to trial. Defendant's argument that he was prejudiced by an inability to help find his accomplice is without merit.

Reversed and remanded.