**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 9, 2002**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

No. 117527

LYMAN GENE KOONCE,

    Defendant-Appellant.

_____

PER CURIAM

After a jury trial, defendant was convicted of possession with intent to deliver less than 50 grams of cocaine.[1] On appeal, defendant argued, among other things, that the trial court erred by denying his motion to dismiss, or, alternatively, that the trial court erred by failing to give a "missing witness" instruction on the basis of the prosecution's failure to produce a witness. The Court of Appeals rejected that argument and affirmed on authority of *People v O'Quinn*, 185 Mich App 40; 460 NW2d 264 (1990),

_____

[1] MCL 333.7401(2)(a)(iv).

holding that, while the prosecution is obligated to provide a defendant with reasonable assistance in locating and serving process upon witnesses, that duty does not apply to a witness who is also an accomplice. We overrule the Court of Appeals holding in *O'Quinn* to the extent that it applied an exception to the reasonable assistance requirement found in MCL 767.40a(5), and remand this case to the Court of Appeals for reconsideration in light of this opinion.

I

In November 1995, police raided a motel room where defendant was living. The police officers testified they found defendant in the room, along with Antoine Ennis. Ennis was allegedly smoking crack cocaine at the time. The police discovered approximately nine grams of cocaine behind a dresser. Ennis was found to be carrying a note that had defendant's name and pager number, along with the motel's address and telephone number. It was the prosecution's theory that Ennis, an out-of-state resident, had used this information to seek out defendant and purchase the cocaine that he was smoking at the time of the raid. Defendant testified that he knew nothing about the cocaine in his room and that it was merely a coincidence that Ennis was present when the police executed the raid.

Defendant was convicted as charged of possession with intent to deliver less than 50 grams of cocaine. As required

1

by MCL 767.40a(1),[2] the prosecutor listed Ennis on the information as a res gestae witness. The prosecutor also told defendant of Ennis' last-known address: a location in Baltimore, Maryland. By so doing, he felt he had complied with MCL 767.40a(5), which requires, in part, that upon request the prosecutor assist the defendant in locating and serving process on the witness.[3] At the beginning of trial, defense counsel argued that the prosecutor had not met the assistance requirement of MCL 767.40a(5). Relying on *O'Quinn,* the prosecutor argued that, while greater assistance might have been required with a nonaccomplice witness, because Ennis was an accomplice the provision of Ennis' address was sufficient assistance to comply with the statute. The trial

_____

[2] MCL 767.40a(1) provides:

    The prosecuting attorney shall attach to the filed information a list of all witnesses known to the prosecuting attorney who might be called at trial and all res gestae witnesses known to the prosecuting attorney or investigating law enforcement officers.

[3] MCL 767.40a(5) provides:

    The prosecuting attorney or investigative law enforcement agency shall provide to the defendant, or defense counsel, upon request, reasonable assistance, including investigative assistance, as may be necessary to locate and serve process upon a witness. The request for assistance shall be made in writing by defendant or defense counsel not less than 10 days before the trial of the case or at such other time as the court directs. If the prosecuting attorney objects to a request by the defendant on the grounds that it is unreasonable, the prosecuting attorney shall file a pretrial motion before the court to hold a hearing to determine the reasonableness of the request.

court, after concluding that Ennis was an accomplice, agreed with the prosecutor and denied relief, relying on *O'Quinn*.

The Court of Appeals affirmed.[4]  Defendant has applied for leave to appeal.

## II

Issues of statutory interpretation are questions of law that we review de novo.  *People v Webb,* 458 Mich 265, 274; 580 NW2d 884 (1998).  In reviewing whether MCL 767.40a(5) can sustain the interpretation offered by *O'Quinn*, and now by the current Court of Appeals panel, we begin with the well-known rule that the goal of judicial interpretation of a statute is to ascertain and give effect to the intent of the Legislature.  To do this, we first review the plain language of the statute itself.  If the language is clear, no further construction is necessary or allowed to expand what the Legislature clearly intended to cover.  *People v Morey*, 461 Mich 325, 329-330; 603 NW2d 250 (1999).  In considering this matter, the application of this rule is dispositive.

## III

Before the enactment of the statutory revision that we consider herein, a prosecutor had a duty to present at trial "all the witnesses present at the transaction."  See *Hurd v People,* 25 Mich 405, 415-416 (1872).  In keeping with this general duty, 1859 PA 138, § 2 and its successor statutes

---

[4] Unpublished opinion per curiam, issued July 21, 2000 (Docket No. 210326).

required the prosecutor to list the names of all known witnesses on the information and to supplement that list as further witnesses become known.[5]  This listing requirement served the function of alerting the defendant to the witnesses the prosecution intended to present at trial.

Over time, this Court recognized a number of exceptions to the statutory duty of the prosecutor to list *all* witnesses on the information.[6]  The primary judicially identified exception to this duty was that the prosecutor was not required to list on the information, or call at trial, an accomplice.  *People v Resh,* 107 Mich 251, 253; 65 NW 99

---

[5] Until 1986, the prosecutor's duty to list witnesses on the information was contained in MCL 767.40.  The 1986 amendment shifted that requirement to MCL 767.40a(1) and (2).

[6] A good explanation of the thinking of this Court on this point is found in *People v Raider,* 256 Mich 131, 134-135; 239 NW 387 (1931), where we explained:

> The rule that the prosecution must indorse and call all the eyewitnesses to a crime of violence who are available, except when they are numerous, and those not called obviously would be merely cumulative, . . . is too well established in this State to need the citation of authorities. . . .

> The purposes of the rule are to insure the disclosure of the whole of the *res gestae*, to protect the accused against the suppression of testimony favorable to him, and to give him the benefit of cross-examination.  The rule is not without exceptions.  The wife of an accused need not be called by the prosecution although her name is indorsed on the information and he demands the right to cross-examine her . . . ; nor need she be indorsed as a witness . . . ; one charged as an accessory need not be called by the people . . . ; and a sister of the accused was required to be called only because she was the fiancée of the victim . . . .  [Citations omitted.]

4

(1895); *People v McCullough,* 81 Mich 25, 34; 45 NW 515 (1890). The development of this exception was not surprising because of the inequity occasioned by forcing the prosecutor to call a hostile accomplice, only to be bound by the accomplice's testimony under the doctrine that the party who calls a witness vouches for that testimony. See *People v White,* 401 Mich 482, 508; 257 NW2d 912 (1977). Additional justification for this exception was derived from the intuition that the prosecutor should be relieved of the duty to produce a witness who participated in the crime because such a witness could not be compelled to testify anyway.[7]

The Legislature subsequently enacted 1941 PA 336 (MCL 767.40a), which provided that any res gestae witness could be impeached by the prosecution,[8] even while continuing to impose on the prosecutor the duty to list all res gestae witnesses on the information and produce them at trial. Left unaddressed was the situation with accomplices, and thus, as this Court's decision in *White, supra* at 508-509, made clear, the accomplice exception continued for res gestae witnesses.

In 1986, the Legislature again amended MCL 767.40a. We can discern, from our review of the amended statute, that the amendments were made, at least in part, to resolve the last vestige of the incongruity that had troubled previous

---

[7] US Const, Am V and Const 1963, art 1, § 17.

[8] The current statute preserves the prosecution's right to impeach any witness. MCL 767.40a(6).

Legislatures and courts by eliminating the prosecution's duty to endorse all res gestae witnesses and to produce all endorsed witnesses. Thus, after the amendment, the prosecutor has a duty to attach to the information a list of all witnesses the prosecutor might call at trial and of all known res gestae witnesses, to update the list as additional witnesses became known, and to provide to the defendant a list of witnesses the prosecution intended to call at trial. MCL 767.40a(1), (2), and (3). Further, to assist the defendant, the prosecutor is now compelled to render reasonable assistance in locating and serving process upon witnesses upon request of the defendant.[9] MCL 767.40a(5). In other words,

---

[9] In *People v Burwick*, 450 Mich 281, 288-289; 537 NW2d 813 (1995), we discussed the 1986 amendment of MCL 767.40a and explained:

> The prosecutor's former obligation to use due diligence to produce any individual who might have any knowledge, favorable or unfavorable, to either side, has been replaced by a scheme that 1) contemplates notice at the time of filing of the information of known witnesses who might be called and all other known res gestae witnesses, 2) imposes on the prosecution a continuing duty to advise the defense of all res gestae witnesses as they become known, and 3) directs that that list be refined before trial to advise the defendant of the witnesses the prosecutor intends to produce at trial. The prosecutor's duty to produce res gestae witnesses has been replaced with an obligation to provide notice of known witnesses and reasonable assistance to locate witnesses on defendant's request.

> The Legislature has thus eliminated the prosecutor's burden to locate, endorse, and produce unknown persons who might be res gestae witnesses and has addressed defense concerns to require the prosecution to give initial and continuing notice

6

while the 1986 amendment retained the right of the prosecutor to impeach res gestae witnesses and eliminated the requirement that the prosecutor produce all endorsed witnesses, it added the requirement that the prosecutor provide reasonable assistance to the defendant, upon request, to secure the presence of witnesses—regardless of the label applied to them or whether they are listed on the information.

IV

In spite of the statutory changes outlined above, when the Court of Appeals in *O'Quinn* revisited this issue after the 1986 statutory amendment of MCL 767.40a, it continued to apply the judicially made accomplice exception to excuse the prosecution from its duty to comply with the statute. In discussing this issue, the Court noted that, under the statute in effect before the 1986 amendment, the prosecutor was required to endorse and produce all res gestae witnesses and further noted that there was a judicially created exception to the production requirement when the res gestae witness was an accomplice. Concluding that the rationale behind the accomplice exception was still applicable to the current statute, the Court held that there was no duty for the prosecutor to provide reasonable assistance to a defendant in locating and serving process upon an accomplice. Because this

_____

of all known res gestae witnesses, identify witnesses the prosecutor intends to produce, and provide law enforcement assistance to investigate and produce witnesses the defense requests.

7

analysis miscomprehends the history cited above, as well as the clear dictates of the 1986 statutory amendments, we disagree.

There is no mention in the current statute concerning an exception in the case of "accomplice witnesses." The language of subsection 5 clearly requires the prosecutor (on request) to reasonably assist the defendant in locating and serving process on a witness. Moreover, the statute does not differentiate between accomplice witnesses and other witnesses. Because the language is plain and unambiguous, it is this reading that we give to the statute. *Huggett v Dep't of Natural Resources,* 464 Mich 711, 717; 629 NW2d 915 (2001). Since § 40a(5) does not permit the prosecution to avoid its statutory duty to provide "reasonable assistance" on the basis that the listed witness is an accomplice, it must give "reasonable assistance" without regard to the witness' accomplice status.[10]

Because the prosecutor here only provided defendant with an address in Baltimore, Maryland, we remand this matter to the Court of Appeals to address whether the assistance offered by the prosecutor amounted to "reasonable assistance . . . to locate and serve process upon a witness" within the meaning of the statute.

---

[10] Our explication of this statute should not be understood as expressing a view on the issue of who is responsible for calling such a witness at trial, or, indeed, whether, because of privilege or some other testimonial bar, such a person could be called at trial.

8

Accordingly, we overrule the *O'Quinn* holding that there is an accomplice exception to MCL 767.40a(5), and remand this matter to the Court of Appeals for reconsideration in light of this opinion.  This decision will apply to this case, to any case pending on appeal in which this issue has been raised and preserved, and to all future cases.  *People v Pasha,* 466 Mich __; __ NW2d __ (2002).  We have examined defendant's remaining issues and find them to be without merit.  MCR 7.302(F)(1).  We do not retain jurisdiction.

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.