# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 19, 2016

Plaintiff-Appellee,

v

No. 326409
Wayne Circuit Court
LC No. 14-007714-FC

ANTONIO DEWAYNE HOLLINGSWORTH,

Defendant-Appellant.

Before: WILDER, P.J., and MURPHY and O'CONNELL, JJ.

PER CURIAM.

Defendant, Antonio DeWayne Hollingsworth, appeals as of right his bench trial conviction of armed robbery, MCL 750.529. The trial court sentenced defendant to a term of 12 to 20 years' imprisonment. We affirm defendant's conviction, but remand for further proceedings regarding defendant's sentence.

In the early morning hours of April 12, 2009, a man entered a 7-11 store in Romulus. The store's cashier testified that the man, who was wearing a mask and hat, pointed a handgun at her and ordered her to hand over the contents of the cash register. The man then fled behind the store, where there exists a park. Officers arrived shortly after the robbery, and placed a tracking dog in this area. The dog picked up a scent trail and followed it until it ended at a bicycle tire track on the ground. Along the trail, officers discovered several items of clothing, including a baseball cap and what was described by the officers as a "neck scarf" or "face mask." In 2013, these items were tested for DNA. The analysis returned a match to defendant's DNA.

At trial, defendant admitted that the hat and neck scarf belonged to him. He claimed that he had a habit of leaving items behind in various places, and suggested that he simply lost these items at some unknown point in time. He claimed the other items of clothing that were found did not belong to him. The trial court found that defendant's story was not credible, and based on the fact that the discarded hat and neck scarf had been worn by defendant, concluded that he was the man who robbed the 7-11. Defendant now appeals.

-1-

# I. TRACKING-DOG EVIDENCE

Defendant first argues that the prosecutor failed to present a sufficient foundation for the admission of tracking-dog evidence. We disagree.[1]

As defendant correctly notes, certain foundational preconditions must be established before tracking-dog evidence may be admitted:

> In order to safeguard the reliability of tracking-dog evidence, it must be shown as a condition precedent to its admissibility that: (1) the handler was qualified to use the dog; (2) the dog was trained and accurate in tracking humans; (3) the dog was placed on the trail where circumstances indicate the alleged guilty party to have been; and, (4) the trail had not become so stale or contaminated as to be beyond the dog's competency to follow it. [*People v Harper*, 43 Mich App 500, 508; 204 NW2d 263 (1972).]

At trial, the prosecutor began to introduce testimony through one officer regarding the use of the tracking dog. Defense counsel objected, arguing that a proper foundation had not been laid. The prosecutor then called the K-9 officer, Corporal Allen Hays, who provided testimony regarding the dog's training and experience. He also explained how the tracking activities were performed. Counsel stated no further objections. And when specifically asked whether he objected to the introduction of the items found by the tracking dog or the DNA analysis performed on these items, counsel stated that he did not.

It is not apparent precisely what evidence defendant believes should have been excluded. Clearly, his argument pertains to whether an adequate foundation for tracking-dog evidence was admitted. But in this case, the dog did not find defendant. It would appear that defendant now objects to the admission of the hat and neck scarf, as well as the DNA analysis that led to his identification as the robber. But by stating he had no objections, defense counsel waived any challenge to the admission of this evidence. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (waiver is the intentional relinquishment or abandonment of a known right). Because waiver extinguishes error, defendant cannot seek appellate relief on the basis that these items were erroneously admitted. *Id*.

We also conclude that defendant waived any challenge to the lack of a proper foundation. After Hays was called to provide a foundation, defense counsel made no further objections, and stated that he had no objections to the admission of the items discovered by the dog. The obvious import of counsel's conduct is that he found Hays's testimony sufficient to establish the necessary foundation. Had he not believed a sufficient foundation had been laid by the prosecutor, counsel should have stated as much. But by remaining silent, he conveyed to the

---

[1] At the outset, we reject defendant's attempt to couch the issue as constitutional in magnitude. "[E]videntiary errors are nonconstitutional." *People v Blackmon*, 280 Mich App 253, 260; 761 NW2d 172 (2008).

prosecutor and the trial court that Hays's testimony satisfied his earlier objection. "Counsel may not harbor error as an appellate parachute." *Id*. at 214.

In any event, defendant's argument is without merit.[2] Defendant contends that the record lacks sufficient testimony indicating that the dog was "trained and accurate in tracking humans . . . or that the trail had not become so stale or contaminated as beyond the dog's competency to follow." Hays testified that both he and the dog had specialized training. Hays also explained that the dog would pick up a trail from "the skin coming off the body, or crushed vegetation on the ground." From this testimony, one can easily infer that the dog was trained and accurate in tracking humans. The record also established that the dog was brought to the scene within minutes after the robbery, which occurred in the early hours of the morning. There was no evidence indicating that the trail had been contaminated in the few minutes that passed between the robbery and the arrival of the dog. These foundational requirements were easily satisfied by Hays's testimony.

Defendant also contends that the dog was confused and did not accurately track defendant's trail. From this, he argues that the third foundational requirement, that the dog was placed on a trail where the circumstances indicated that the suspect had been, was not established. The evidence presented at trial indicates that the suspect ran behind the 7-11, and after discarding his clothing, fled on a bicycle. The dog was placed in this very same area, where it picked up a scent that led it past the discarded clothing to the bicycle tire track. The third foundational requirement was easily established.

## II. GREAT WEIGHT OF THE EVIDENCE

Defendant next contends that the verdict was against the great weight of the evidence. We disagree. The trial court denied defendant's motion for a new trial on this ground. We review "for an abuse of discretion a trial court's grant or denial of a motion for a new trial on the ground that the verdict was against the great weight of the evidence." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). "An abuse of discretion occurs when a trial court chooses an outcome falling outside the range of reasonable and principled outcomes." *Id*. A trial court's factual findings in a bench trial are reviewed for clear error. *People v Lanzo Const Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006).

"The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage

---

[2] Defendant contends he preserved this issue by raising it in a post-trial motion. However, the proper time to raise an evidentiary challenge is at trial, as this provides the trial court the opportunity to correct the error. *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). See also *People v Buie*, 491 Mich 294, 312; 817 NW2d 33 (2012). Defendant did not object or argue, as he does now, that Hays's testimony was insufficient to provide a proper foundation. As defense counsel did not properly object to whether Hays provided a proper foundation, our review of the substantive issue is for plain error affecting substantial rights. *People v Coy*, 258 Mich App 1, 12; 669 NW2d 831 (2003).

of justice to allow the verdict to stand." *Lacalamita*, 286 Mich App at 469. "Generally, a verdict may be vacated only when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence." *Id*. A new trial may not be granted simply because there exists conflicting evidence. *Id*. at 469-470. This Court defers to the trial court's credibility determinations, particularly given its opportunity to see and hear the witnesses testify in open court. MCR 2.613(C).

Defendant's challenge goes to whether the evidence demonstrated that he was the individual who robbed the store. There is no genuine dispute that the robber was wearing a baseball cap[3] and neck scarf that covered his face. An identical cap and neck scarf were found shortly after the robbery, discarded in the park behind the store. There is also no dispute that these items belonged to defendant, who admitted as much. DNA evidence further showed that he had worn both. This evidence was more than adequate to demonstrate that defendant was the man who committed the robbery.

Defendant attempts to remove this evidence from consideration by asserting that it was inadmissible, apparently relying on the argument he presented in the prior issue. As explained, the evidence was properly admitted. And as also explained, defendant waived any challenge to the admissibility of this evidence. The remainder of defendant's argument points to various alleged conflicts in the testimony and evidence.[4] The mere existence of conflicting evidence does not warrant a new trial. *Lacalamita*, 286 Mich App at 469-470. Further, it was for the court to decide matters of credibility. MCR 2.613(C). Defendant fails to demonstrate that the verdict was against the great weight of the evidence.

---

[3] Defendant points out that the cashier provided conflicting accounts of the type of hat the robber wore. While the cashier had testified that the hat was a Kangol hat at the preliminary examination, she clarified at trial that the hat was a baseball cap. And if there was any further dispute, it was resolved by the still photographs taken from the surveillance footage. But even if there was any true dispute regarding what type of hat the robber wore, it was for the trial court to resolve, which it did when it found that the robber wore the hat that was tested for DNA.

[4] One allegation worth noting is defendant's belief that the still photographs taken from the surveillance camera show a date of December 4, 2009, not the date of the robbery, April 12, 2009. The still photographs state "12-4-2009 SUN." If read in the usual month/day/year format, this would seem to state a date of December 4, 2009. But if read in the format of day/month/year, the date would be April 12, 2009. Any question regarding how to read this date is resolved, however, by the fact that the photograph states "SUN," or Sunday. Consultation to a calendar shows that April 12, 2009 was a Sunday, while December 4, 2009 was a Friday.

-4-

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next contends that counsel was ineffective for a variety of reasons. We disagree. "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law. A judge must first find the facts, and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). A trial court's factual findings, if any exist, are reviewed for clear error; the ultimate constitutional issue is reviewed de novo. *Id*. Although defendant preserved this claim by raising it in a motion for a new trial filed in the trial court, *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014), the trial court did not hold an evidentiary hearing or make any factual determinations. Thus, our review "is limited to the facts on the record." *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000).

A defendant raising a claim of ineffective assistance of counsel is entitled to relief if he can "show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Id*. at 52.

Defendant first contends that counsel was ineffective for failing to investigate his address. Specifically, he contends that counsel should have obtained a credit report showing his address as being on Rodeo Drive in Romulus, and then used this credit report to refresh defendant's memory when on cross-examination, defendant was unable to remember the address or street he lived on during the time he claimed to live in the trailer park. Defendant argues that doing so would have bolstered his story, causing the trial court to believe that the items containing defendant's DNA had simply been left behind on some unknown date and were not connected to the crime. Assuming, *arguendo*, that counsel should have investigated this issue, defendant cannot show that had counsel done so, a different result was reasonably probable. Beyond the fact that defendant could not remember his address, the entire premise of his story – that he habitually left items of clothing scattered around the area – was difficult to believe. Moreover, it would seem incredibly unlikely that defendant just happened to leave the precise items matching those used in the robbery behind in the park.

Further, defendant's inability to remember his address occurred while the prosecutor was questioning him. Defense counsel could not have refreshed defendant's memory at this point because he was not questioning defendant. At best, counsel could have attempted to do so on redirect examination. But by then, the damage was done; it was already shown that defendant could not recall his address without prompting. And in any event, the fact of whether defendant did or did not live in the trailer park was never cited by the trial court in its decision, and thus, does not appear to have had any effect on the verdict. Defendant cannot show that had counsel investigated the matter, a different result was reasonably probable.

Defendant contends that counsel should have subpoenaed records showing whose DNA was on the sweatpants and shirts recovered from the park, apparently believing that this evidence

-5-

would have shown that others wore the clothing. However, there is no indication that the records defendant argues should have been subpoenaed exist, much less that such records would have exonerated defendant. Defendant's claim is without merit.

Defendant contends that counsel should have argued that the presence of the sweatpants and shirts contaminated the area so as to preclude the admission of tracking-dog evidence. While these items were not tested for DNA, it seems fairly obvious that these items were discarded along with the hat and neck scarf. As such, they did not contaminate the area; quite the contrary, they created part of the scent trail followed by the dog. Had counsel raised such an argument, it would have failed. Counsel is not ineffective for failing to raise a futile objection. *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004). On a similar note, defendant seems to argue that, as a general matter, counsel was ineffective for failing to challenge the admission of tracking-dog evidence. As discussed, a sufficient foundation was laid to support admission of the evidence. Again, counsel is not ineffective for failing to raise a futile objection. *Id*.

Defendant requests that this Court remand the matter for an evidentiary hearing pursuant to MCR 7.211(C)(1)(a)(*ii*), which permits a defendant to seek remand on the basis "that development of a factual record is required for appellate consideration of the issue." Beyond quoting the court rule, defendant cites only that he "has so demonstrated[.]" Simply stating such a cursory argument constitutes abandonment of the issue. *People v Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004). Regardless, MCR 7.211(C)(1) requires that such a motion "be supported by affidavit or offer of proof regarding the facts to be established at a hearing." Defendant has provided no such support for his motion. And in any case, defendant's claims of ineffective assistance of counsel may be decided on the existing record. Defendant is not entitled to a remand for an evidentiary hearing.

## IV. *BRADY* VIOLATION

Defendant next argues that the prosecutor withheld exculpatory evidence in violation of *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963). We disagree. "This Court reviews due process claims, such as allegations of a *Brady* violation, de novo." *People v Stokes*, 312 Mich App 181, 189; ___NW2d___ (2015).

A *Brady* violation occurs when the prosecution suppresses evidence that is material and favorable to the accused. *People v Chenault*, 495 Mich 142, 150; 845 NW2d 731 (2014). Defendant argues that the prosecutor committed a *Brady* violation by failing to disclose to defendant DNA analysis of shirts and sweatpants found by the dog. Defendant further claims that such evidence was exculpatory because DNA on these items did not match his own. There is no indication, however, that a DNA analysis was ever performed on these items. Rather, the laboratory report shows that only the hat and neck scarf were analyzed. Defendant's claim that testing was performed on the other items of clothing and was exculpatory has absolutely no factual basis. Defendant has not shown that the prosecution suppressed any material evidence, much less evidence that was exculpatory.

## V.  SENTENCING ERROR

Defendant next contends that his presentence investigation report (PSIR) contains a factual error regarding his prior juvenile adjudications.  Defendant raised this issue in a post-trial brief filed in the trial court.  The trial court ordered the Department of Corrections to investigate the matter, after which the trial court would take the necessary corrective actions if any inaccuracies were found.

"The sentencing court must respond to challenges to the accuracy of information in a presentence report; however, the court has wide latitude in responding to these challenges." *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003).[5]  All agree that the trial court's order properly addresses defendant's claim.  However, it does not appear that the department has completed its investigation.  Thus, with regard to defendant's claim that his PSIR is inaccurate, we remand the matter to the trial court with direction that it follow the order it previously entered addressing this issue.

## VI.  ISSUES RAISED IN DEFENDANT'S STANDARD 4 BRIEF

Defendant raises several issues in a brief filed pursuant to Administrative Order 2004-6, Standard 4.  We have thoroughly reviewed these issues and find that only a brief discussion is warranted.

Defendant first argues that the prosecutor did not establish an adequate foundation to admit dog-tracking evidence.  As discussed, this issue was waived by counsel.  Defendant also contends that counsel was ineffective for failing to properly challenge this evidence.  But as we have also explained, a proper foundation was laid.  Counsel need not pursue meritless objections. *Thomas*, 260 Mich App at 457.

Defendant next argues that the prosecutor violated the rule of *Hurd v People*, 25 Mich 405 (1872), superseded by statute as recognized in *People v Koonce*, 466 Mich 515, 518-521; 648 NW2d 153 (2002), by failing to have the items of clothing other than the hat and neck scarf tested for DNA.  *Hurd* held that "the prosecution can never, in a criminal case, properly claim a conviction upon evidence which, expressly or by implication, shows but a part of the res gestae, or whole transaction, if it appear[s] that the evidence of the rest of the transaction is attainable." *Hurd*, 25 Mich at 415.  But as recognized in *Koonce*, this general res gestae rule is no longer in effect. *Koonce*, 466 Mich at 518, 520.  Accordingly, defendant's argument lacks merit.

Defendant raises several iterations of an argument contending that the trial court's factual findings were inaccurate or not supported by the record.  Defendant is simply incorrect.  The testimony at trial established that the robber was male, that he was wearing a baseball cap, and

---

[5] This Court "review[s] the sentencing court's response to a claim of inaccuracies in defendant's PSIR for an abuse of discretion." *Id*.

that he wore what could be best described as a neck scarf to conceal his face. The trial court's factual findings were well supported by the evidence admitted at trial.[6] We also reject defendant's contention that the trial court did not make sufficient factual findings as required by MCR 6.403. The trial court's factual findings were clear and stated on the record. Defendant's argument simply points to his disagreement with the findings made by the trial court, not to any failure by the trial court to perform its duty in a criminal matter to "find the facts specifically, state separately its conclusions of law, and direct entry of the appropriate judgment." MCR 6.403.

Defendant claims that the evidence was not sufficient to support the trial court's conclusion that he was the robber.[7] Like any other element of a crime, identity may be established by circumstantial evidence and reasonable inferences drawn from that evidence. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Here, items of clothing matching those worn by the robber were found behind the 7-11 shortly after the robbery. DNA testing on the scarf and hat returned a match with defendant. Defendant also admitted that he owned these items. From this evidence, the trial court could reasonably infer that defendant was the robber. Defendant's argument lacks merit.

Defendant's conviction is affirmed. With regard to defendant's claim that his PSIR is inaccurate, we remand the matter and direct the trial court to follow its own order addressing this issue. We do not retain jurisdiction.

/s/ Kurtis T. Wilder
/s/ William B. Murphy
/s/ Peter D. O'Connell

---

[6] For the same reason, we reject defendant's contention that the trial court violated defendant's right to confront the witnesses against him by relying on evidence not introduced at trial. There is no indication whatsoever that the trial court went beyond the evidence admitted at trial to reach its decision.

[7] "This Court reviews de novo a challenge to the sufficiency of the evidence in a bench trial." *Lanzo Const Co*, 272 Mich App at 473. "The evidence is viewed in a light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proven beyond a reasonable doubt." *Id*. at 474.