# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JOSEPH JOHN LESNESKIE,

      Defendant-Appellant.

UNPUBLISHED
September 25, 2018

No. 337657
Oakland Circuit Court
LC No. 2016-258898-FC

Before: M. J. KELLY, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions for first-degree murder, MCL 750.316(1)(a), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced as a second habitual offender, MCL 769.10, to life imprisonment without the possibility of parole for the first-degree murder conviction and two years' imprisonment for the felony-firearm conviction. We affirm.

Defendant first contends that he is entitled to a new trial because overly grotesque pictures taken of the victim during her autopsy were admitted at trial, and the pictures inflamed the jury against defendant. Defendant contends that the probative value of the three photographs at issue was substantially outweighed by the danger of unfair prejudice, and specifically, that the photographs had little probative value because the relevant information contained in them was presented through the testimony of the medical examiner. We disagree.

We review for an abuse of discretion a trial court's decision to admit evidence including photographs. *People v Mills*, 450 Mich 61, 76; 537 NW2d 909 (1995), mod on other grounds 450 Mich 1212 (1995). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "A trial court "abuses its discretion when it makes an error of law in the interpretation of a rule of evidence." *People v Jackson*, 498 Mich 246, 257; 869 NW2d 253 (2015). Preserved non-constitutional evidentiary error is presumed to be harmless "unless it affirmatively appears that, more probably than not, it was outcome determinative—i.e., that it undermined the reliability of the verdict." *Id.* (citation and quotation marks omitted).

In general, all relevant evidence is admissible at trial. *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001); MRE 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the

-1-

action more probable or less probable than it would be without the evidence." MRE 401. In determining whether evidence is relevant, a court must consider its materiality and the probative force. *People v Brooks*, 453 Mich 511, 517-518; 557 NW2d 106 (1996). Materiality "is the requirement that the proffered evidence be related to 'any fact that is of consequence' to the action." *Mills*, 450 Mich at 67. "Probative force is the 'tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " *Id*. at 67, quoting MRE 401.

Under MRE 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice" or if the evidence constitutes "needless presentation of cumulative evidence." MRE 403 does not prohibit evidence that is prejudicial; it only prohibits evidence that is *unfairly* prejudicial. *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998). Unfair prejudice occurs when the proposed evidence has the tendency to adversely affect the objecting party's position by injecting considerations that are extraneous to the merits of the lawsuits by invoking a jury's bias, sympathy, anger, or shock. *People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011). Evidence is unfairly prejudicial when a danger exists that marginally probative evidence will be given undue or preemptive weight by the jury. *Crawford*, 458 Mich at 398.

"Photographs are not excludable simply because a witness can orally testify about the information contained in the photographs." *Mills*, 450 Mich at 76. Photographs are not excludable simply because they are gruesome and may properly be used to corroborate a witness' testimony. *Id*. The proper test of a photographs' admissibility is whether its probative value is substantially outweighed by the danger of unfair prejudice. *Id*. at 75-76.

Undoubtedly, the three photographs at issue are gruesome. But they were each used at trial to illustrate and corroborate the medical examiner's testimony, a proper purpose for even grotesque photographs. See *Mills*, 450 Mich at 76. The medical examiner used the photographs to demonstrate his methodology for determining how far the shooter was from the victim when specific wounds were inflicted and the general trajectory of the bullets. The exhibits were particularly relevant to the elements of the crime because they focus on the fatal injury to the victim's head. The location and nature of the injuries were material to defendant's intent, not only as an element of first-degree murder, but also as a clear contradiction of defendant's theory of self-defense. Accordingly, the photographs were, in fact, highly probative.

Notably, much of defendant's argument on appeal with regard to the photographs is based upon extra-jurisdictional caselaw from the Supreme Court of Utah, none of which is binding on this Court and some of which has even been overturned in that state. See *State v Bluff*, 52 P3d 1210 (Utah, 2001), overruled by *Met v State*, 388 P3d 447; 826 UT 53 (2016), and *State v Lafferty*, 749 P2d 1239 (Utah, 1988), overruled by *Met v State*, 388 P3d 447; 826 UT 53 (2016). Nonetheless, defendant utilizes the caselaw to contend that the photographs were prejudicial because they were "probably enlarged" and they were less probative because they had been taken at the morgue rather than the scene of the crime. Even assuming the latter factor came from Michigan caselaw, we note that the photographs were used to illustrate and corroborate *the testimony of the medical examiner* who performed his medical examination at the morgue and while the victim's body was in the condition represented by the photographs. Defendant fails to explain how the probative value of the photographs was substantially

outweighed by the danger of unfair prejudice. Moreover, the danger of prejudice based on grotesqueness alone pales in comparison to the value of the photographs to corroborate the medical examiner's testimony and illustrate defendant's intent to kill.

Finally, we agree with the prosecution that even assuming arguendo that admission of the photographs constituted an abuse of discretion, defendant has failed to show that the decision was outcome determinative. See *Jackson*, 498 Mich at 257. Defendant makes no argument as to how the photographs would have affected the jury "in the context of the untainted evidence," such as defendant's confession, in order to show that "it is more probable than not that a different outcome would have resulted without the error." *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999). Moreover, we note that additional, seemingly gruesome photographs were admitted at trial to which defendant took no exception. Defendant provides no explanation as to how the three photographs at issue were prejudicial while other similar photographs were not.

Defendant next contends that a statement of the victim was erroneously admitted at trial because it was hearsay and that the statement prejudiced defendant. At trial, a voicemail the victim left with a neighbor days before the victim's death was admitted through the testimony of the neighbor. The neighbor explained that the victim told her:

> [The neighbor] would be proud of [the victim] because [the victim] finally kicked [defendant] out and he tore up the house on the inside and [] [the victim] was waiting for him to come back to give her the key and [] [the neighbor] should come over and see what [defendant] had done.

The statement was admitted under MRE 803(3) as evidence of the victim's then existing state of mind, but defendant contends that the statement was admitted not to show the victim's state of mind, but to prove facts, conduct, and events leading to that state of mind. Defendant also contends that the statement was prejudicial because it attempted to show that defendant "tore up the house," and that defendant was temperamental and vengeful. We disagree.

We review the trial court's decision to admit the evidence for an abuse of discretion. *People v Moorer*, 262 Mich App 64, 67; 683 NW2d 736 (2004). "However, whether evidence is admissible under a particular rule of evidence is a question of law that this Court reviews de novo." *Id.* When a trial court abuses its discretion by admitting evidence, "we must next determine whether this error was sufficiently prejudicial to warrant reversal of defendant's convictions." *People v Gursky*, 486 Mich 596, 619; 786 NW2d 579 (2010).

" 'Hearsay' is a statement other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is generally subject to exclusion but may be admitted at trial if an exception to the rule against hearsay applies. *People v Duncan*, 494 Mich 713, 724; 835 NW2d 399 (2013); MRE 802. MRE 803(3) is such an exception and provides:

> A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact

-3-

remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will. [MRE 803(3).]

"It is well accepted that evidence that demonstrates an individual's state of mind will not be precluded by the hearsay rule." *People v Fisher*, 449 Mich 441, 449; 537 NW2d 577 (1995).

"Michigan courts have permitted, indeed required, the admission of statements indicative of the state of mind of a homicide victim where self-defense is raised." *People v White*, 401 Mich 482, 504; 257 NW2d 912 (1977), superseded by statute on other grounds as stated in *People v Koonce*, 466 Mich 515, 520 (2002). This Court has held admissible under MRE 803(3) as evidence of a victim's state of mind, evidence of a victim's plans that demonstrate motive, such as the ending of the marriage and the tension between the victim and defendant, and evidence of a defendant's statements made to cause the victim fear. *People v Ortiz*, 249 Mich App 297, 310; 642 NW2d 417 (2001). Evidence of a victim's intent to end a relationship may be admissible under MRE 803(3) because it can be "relevant to a motive for murder and indirectly relevant to [a] defendant's intent and to whether [a] defendant acted with premeditation and deliberation." *People v Bauder*, 269 Mich App 174, 190-191; 712 NW2d 506 (2005), overruled in part on other grounds by *People v Burns*, 494 Mich 104, 112-113 (2013); see also *Unger*, 278 Mich App at 223 ("[E]vidence of motive in a prosecution for murder is always relevant.").

Defendant relies upon *Moorer* for the contention that the victim's statement actually and impermissibly consisted of statements of memory made to prove the truth of the facts contained in the memory as opposed to evidence of the victim's state of mind. In *Moorer*, the trial court permitted several witnesses to testify that the victim told them that the defendant had threatened the victim's life. *Moorer*, 262 Mich App at 65. Specifically, five witnesses testified that the victim told them that the defendant had a gun and intended to kill the victim. *Id*. at 66-67. This Court determined that the statements should have been excluded because they were statements of "memory or belief to prove the fact remembered or believed . . . ." *Id*. at 73, quoting MRE 803(3). We find the hearsay statements in *Moorer* distinguishable from those in the case at hand.

In *Moorer*, the hearsay statements consisted solely of events remembered by the declarant and were offered to prove the truth of the matter asserted—that the defendant intended to kill the victim. *Id*. at 72-73. In this case, however, the victim's statement as a whole shows that she was in the process of kicking defendant out of her home—he still had to return and give her a key. And, more importantly, it indicated her mental state at the time based upon that fact: she was proud. The victim's statement was not used to show that some specific event had occurred in the past, but rather, that the victim and defendant were engaged in a tumultuous relationship from which the victim intended to separate herself. The statement is the type of hearsay in a homicide case that is central to the purpose of MRE 803(3), particularly in light of defendant's theory of self-defense. See *Fisher*, 449 Mich at 450-451, *White*, 401 Mich at 504, and *Ortiz*, 249 Mich App at 310. Moreover, contrary to defendant's contention, there is no evidence that the statement was used to prove that defendant had, in fact, "tore up the house," or that the statement's tendency to show that defendant was temperamental or vengeful outweighed the probative nature of the statement as evidence of the victim's state of mind.

-4-

Finally, even assuming arguendo admission of the victim's statement constituted an abuse of discretion by the trial court, we find that defendant has failed to establish prejudice. Had the hearsay statement been excluded, the jury still would have been presented with defendant's confession, the findings of the investigative detectives and officers that tended to corroborate defendant's confession, and the testimony of the medical examiner, which also corroborated parts of defendant's confession while also contradicting his theory of self-defense. Other than his conclusory statement that the victim's hearsay was "not harmless," defendant has failed to establish with facts and support that it is more probable than not that the hearsay, if it were admitted erroneously and considered in the context of the properly admitted evidence, was outcome determinative. See *Gursky*, 486 Mich at 619, citing *Lukity*, 460 Mich at 495.

We affirm.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Karen M. Fort Hood