PEOPLE v HARRISON

Docket No. 73618. Submitted August 14, 1984, at Lansing.—Decided
October 2, 1984. Leave to appeal denied, 421 Mich 864.

Don K. Harrison was convicted of assault and battery, Oakland
Circuit Court, James S. Thorburn, J. Prior to defendant's being
charged, the victim identified defendant in a photographic line-
up. Defendant appealed. *Held:*

1. Photographic line-ups should not be used where the ac-
cused is in custody or is readily available: that is, where he is
subject to legal compulsion to attend a corporeal line-up. At the
time of the photographic line-up, defendant was neither in
custody nor subject to legal compulsion to attend a corporeal
line-up.

2. At the time of the photographic line-up, defendant had
become the clear focus of the investigation. Under the circum-
stances, counsel should have been provided.

3. While the photographic line-up was improperly conducted,
there was demonstrated an independent basis for the in-court
identification of defendant.

Affirmed.

1. CRIMINAL LAW — PHOTOGRAPHIC IDENTIFICATION — CORPOREAL
    LINE-UP.

Photographic line-ups are prohibited where a suspect is readily
available for a corporeal line-up.

2. CRIMINAL LAW — PHOTOGRAPHIC IDENTIFICATION — RIGHT TO
    COUNSEL.

Counsel should be present at a photographic line-up where the
investigation has clearly focused on a particular person.

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 29 Am Jur 2d, Evidence §§ 371.4, 371.8.
Admissibility of evidence of photographic identification as affected
by allegedly suggestive identification procedures. 39 ALR3d 1000.
[2] 21A Am Jur 2d, Criminal Law § 974.
Validity, under Federal Constitution, of police lineup or showup
procedures—Supreme Court cases. 34 L Ed 2d 839.

3. CRIMINAL LAW — PHOTOGRAPHIC IDENTIFICATION — WITNESSES —
    INDEPENDENT BASIS.
    A basis for identification of a defendant independent of a pretrial
    photographic identification must be established in order to
    permit an in-court identification of the defendant where the
    photographic identification was improperly conducted.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *John L. Kroneman,* Assistant Prosecuting Attorney, for the people.

*Bushnell, Gage, Doctoroff & Reizen* (by *George E. Bushnell, Carl J. Marlinga* and *Kathleen Nesi),* for defendant.

Before: CYNAR, P.J., and WAHLS and S. T. FINCH,* JJ.

PER CURIAM. Defendant was convicted of assault and battery, MCL 750.81; MSA 28.276, by a jury. Defendant was sentenced to two years probation with the first ten days in the county jail. Defendant appeals his conviction to this Court as of right.

On April 22, 1982, at 10:50 p.m., a security guard, David Bone, was assaulted on the grounds of the Kirk in the Hills Church in Bloomfield Hills, Michigan. He was slashed with an ice pick and received superficial scratches.

Bone recognized the four assailants as intruders he had chased off the grounds several days before. Bone was shown a photographic line-up of defendant on May 3, 1982, but was unable to identify defendant. At a subsequent photographic line-up on May 24, 1982, Bone identified defendant immediately.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant's first contention on appeal is that reversal is required because counsel was not present at the photographic line-up. In *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973), the Court stated the following rules concerning photographic line-ups: (1) subject to certain exceptions, identification by photograph should not be used where the accused is in custody; and (2) where there is legitimate reason to use photographs for identification of an accused in custody, the accused has a right to have counsel present during the identification procedure. However, because the defendant was not in custody here, *Anderson* is not directly applicable. In *People v Lee,* 391 Mich 618, 624-625; 218 NW2d 655 (1974), the Court said it was the fact of custody which required the implementation of the *Anderson* rules. The Court specifically declined to extend *Anderson* to pre-custody or pre-questioning phases of criminal investigation. Because defendant was not in custody at the time Bone identified him through the photographic line-up, the *Anderson* rule does not apply. However, our inquiry does not end here. We must also decide whether defendant was readily available for a corporeal line-up and whether defendant had become the focus of the investigation to the point that counsel should have been present at the photographic line-up.

"Readily available" has been construed in narrow terms. In the case at bar, while defendant was apparently cooperative and had talked with the police, we do not find he was available under the applicable case law. "Readily available" has been strictly construed to mean subject to legal compulsion to appear at a line-up. *People v Dumas,* 102 Mich App 196; 301 NW2d 849 (1980); *People v Erwin Wilson,* 95 Mich App 93; 290 NW2d 89 (1980); *People v Hoerl,* 88 Mich App 693; 278

NW2d 721 (1979); *People v McNeill,* 81 Mich App 368; 265 NW2d 334 (1978). No warrant had been issued and thus the police had no means by which defendant could have been compelled to appear; indeed, at the time of the photo identification, probable cause for a warrant was still lacking.

Having found that defendant was not "readily available" we must decide whether the investigation had focused on defendant to the point that counsel should have been required at the photographic line-up. In *Lee, supra, Hoerl, supra,* and *People v Cotton,* 38 Mich App 763; 197 NW2d 90 (1972), it was stated that simply because defendant was under investigation did not make it necessary for counsel to be present at a photographic line-up. However, in this case defendant had become the *clear focus* of the investigation when the photographic line-up was conducted. This case is distinguishable in this regard from *Hoerl, supra,* because suspicion was based on more than an anonymous phone call. Here the police had interviewed the defendant and given him his warnings under *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). His picture had been obtained for the purpose of the photographic line-up. The police had interviewed other suspects to get defendant's identity. A description of defendant had been provided by the complainant. We conclude that defendant had sufficiently become the focus of the police investigation to require the presence of counsel at the photographic line-up. In *People v Kachar,* 400 Mich 78; 252 NW2d 807 (1977), the Court required the presence of counsel at a photographic line-up when the investigation has reached this type of focus. This Court first used this approach in *People v Cotton, supra,* pp 769-770, and continued to apply it after *Kachar* even though *Kachar* is not binding precedent because the ma-

jority opinion was signed by only two justices. *Negri v Slotkin,* 397 Mich 105; 244 NW2d 98 (1976). One example of the application of *Kachar* can be found in *People v Hill,* 88 Mich App 50; 276 NW2d 512 (1979). Counsel should have been present at the photographic line-up in this case.

If a pretrial identification has been improperly conducted, then an independent basis for identification must be established. *People v Carter,* 415 Mich 558; 330 NW2d 314 (1982); *Kachar, supra.* The complainant's testimony at the hearing held pursuant to *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967), established an adequate independent basis for the in-court identification.

Because we have found that there was adequate independent basis for the in-court identification we will not address defendant's claim that the photographic line-up was impermissibly suggestive except to note that our review of the record finds no support for the allegation.

Defendant's conviction is affirmed.

Affirmed.