PEOPLE v WYNGAARD

Docket No. 83519. Submitted January 22, 1986, at Lansing. Decided
    April 21, 1986.

An armed robbery occurred in Mt. Morris, Genesee County,
    Michigan, on December 1, 1983. Defendant, Raymond L. Wyn-
    gaard, was arrested by the police from an agency other than
    the Mt. Morris City Police Department on charges unrelated to
    the robbery on February 6, 1984, and was lodged in the Wash-
    tenaw County Jail. In March, 1984, defendant and another man
    became suspects in the armed robbery. The witnesses to the
    armed robbery identified the two men in a photo lineup on
    March 21, 1984, and an arrest warrant was issued on March
    26, 1984, when the investigating officers learned of defendant's
    incarceration in the Washtenaw County Jail. On June 18, 1984,
    defendant was arrested and taken from the Washtenaw County
    Jail. Defendant was arraigned on the armed robbery charges on
    June 19, 1984, in Genesee County. On August 22, 1984, a
    preliminary examination was held. A jury trial began in Gene-
    see Circuit Court on December 4, 1984. Following the trial and
    the return of a guilty verdict by the jury, the trial court,
    Thomas C. Yeotis, J., entered a judgment and order of convic-
    tion and sentenced defendant to from twenty to forty years
    imprisonment. Defendant appeals. *Held:*

    1. The preaccusation delay in this case was justifiable and the
    defendant failed to prove that prejudice resulted therefrom.

    2. Defendant's contention that the 180-day rule was violated
    is void of merit. The rule applies only to a defendant incarcer-
    ated in a state penal institution.

    3. Defendant's right to counsel was not violated when the
    photo lineup occurred while he was jailed in another county on
    a charge unrelated to the photo lineup.

    4. The trial court did not fail to articulate sufficient reasons
    for departing from the sentencing guidelines when he reiter-

REFERENCES
Am Jur 2d, Appeal and Error §§ 545 *et seq.*
Am Jur 2d, Criminal Law §§ 525 *et seq.,* 798 *et seq.,* 849 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Appeal
    and Error; Criminal Law; Lineups and Showows; Speedy Trial.

ated some of the factors already calculated into the guidelines as a reason for such departure. A trial court's reasons for departing from a sentence recommended in the Sentencing Information Report can be factors already considered in the guidelines.

Affirmed.

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Dᴜᴇ Pʀᴏᴄᴇss — Sᴘᴇᴇᴅʏ Tʀɪᴀʟ.

A criminal defendant possesses a right to a speedy trial; a court which considers a speedy trial claim must consider the length of the delay, the reasons for delay, and whether the defendant demanded a trial; the defendant carries the burden of establishing prejudice where the delay is under 18 months.

2. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Dᴜᴇ Pʀᴏᴄᴇss — Sᴘᴇᴇᴅʏ Tʀɪᴀʟ.

The principles of due process require dismissal of charges against a criminal defendant if unjustifiable, preaccusation delay deprived the defendant of the opportunity to prepare a defense.

3. Aᴘᴘᴇᴀʟ — Pʀᴇsᴇʀᴠɪɴɢ Qᴜᴇsᴛɪᴏɴ — Cʀɪᴍɪɴᴀʟ Lᴀᴡ — 180-Dᴀʏ Rᴜʟᴇ.

A claim regarding an alleged violation of the 180-day rule is not preserved for appellate review where the claim is raised for the first time on appeal.

4. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — 180-Dᴀʏ Rᴜʟᴇ.

The 180-day statutory period which controls the time for commencing a criminal prosecution against a prison inmate on outstanding warrants applies to persons incarcerated in a state penal institution and does not apply to prisoners lodged in a county jail (MCL 780.131 *et seq.;* MSA 28.969[1] *et seq.).*

5. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Pʜᴏᴛᴏ Lɪɴᴇᴜᴘs — Rɪɢʜᴛ ᴛᴏ Cᴏᴜɴsᴇʟ.

The right to counsel at pretrial photo lineups attaches when the accused is in custody, readily available, or the focus of investigation.

6. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Cᴏʀᴘᴏʀᴇᴀʟ Lɪɴᴇᴜᴘs — Pʜᴏᴛᴏ Lɪɴᴇᴜᴘs.

The rule that a defendant is entitled to the assistance of counsel at a corporeal lineup, as opposed to a photo lineup, when the defendant is in custody usually requires that such custody be pursuant to the offense in relation to which the lineup is held.

7. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Sᴇɴᴛᴇɴᴄɪɴɢ Gᴜɪᴅᴇʟɪɴᴇs — Sᴇɴᴛᴇɴᴄɪɴɢ Iɴғᴏʀᴍᴀᴛɪᴏɴ Rᴇᴘᴏʀᴛ.

The reasons given by a trial court for departing from the sentence that is recommended by a Sentencing Information Report can be factors already considered by the sentencing guidelines.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*George R. Hamo, P.C.* (by *George R. Hamo),* for defendant.

Before: Bronson, P.J., and R. B. Burns and R. C. Kaufman,* JJ.

R. C. Kaufman, J. The defendant, Raymond L. Wyngaard, was convicted on two counts of armed robbery, MCL 750.529; MSA 28.797, by a jury in Genesee County Circuit Court on December 11, 1984. The defendant was sentenced to from twenty to forty years in prison on January 2, 1985. From his conviction and sentence, the defendant appeals as of right.

The defendant was accused of robbing the Holy Cross Shop, located in Mt. Morris, Michigan, at approximately 2:30 p.m. on December 1, 1983. Colleen Ann Clark, the shop's salesclerk, testified that a man entered the store and questioned her about the working condition of her car which was parked nearby. After conversing with her for a few minutes, the man displayed a gun and ordered her and another employee, Marilyn Grubbs, to lie on the floor. He took Grubbs's keys and gave them to another man who entered the store. The second man locked the front door. Shortly thereafter, Sharon Ballance, an Avon lady, had the misfortune of using the back entrance of the store to deliver Avon products. The first robber ordered her to sit on the floor and took her car keys. He then escorted the three women to a back room where he tied their hands and ordered them to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

remain there until 3:30 P.M. After they freed themselves, they discovered that approximately $100 was taken from the cash drawer and Ballance's car was gone.

Detective Frederick Throsby of the Mt. Morris City Police Department and Jerome Nolon of the FBI investigated the robbery. Nolon suspected a link between the Holy Cross Shop robbery and a subsequent bank robbery which occurred in Mt. Morris. On December 5 and 9, 1983, Throsby displayed photo lineups to the victims, who failed to recognized the perpetrators.

The defendant was arrested on February 6, 1984, by police from another agency on charges of aiding and abetting prison escape, conspiracy to commit prison escape, and parole violation. He was lodged in Washtenaw County Jail. Meanwhile, Throsby and Nolon continued their investigation of the Holy Cross Shop robbery. In March, 1984, the defendant and a man named Carl Pritchard became suspects. The witnesses identified the two men in a photo lineup on March 21, 1984. The defendant was arraigned on charges of armed robbery on June 19, 1984. The defendant raises three issues in support of his appeal.

The defendant first contends that the delay in bringing him to trial violated his rights to due process and a speedy trial under the constitution and the 180-day rule. The robbery of the Holy Cross Shop occurred on December 1, 1983. On March 26, 1984, approximately 117 days later, an arrest warrant was issued. The defendant was arraigned 86 days after the warrant's issuance on June 19, 1984. About 202 days elapsed between the robbery and arraignment. The preliminary examination was held on August 22, 1984, and trial began on December 4, 1984.

Turning first to the due process claim, the defen-

dant complains that the delay in obtaining the arrest warrant and its execution infringed on his right to a fair trial. Generally, a defendant possesses a right to a speedy trial. *People v Noble,* 18 Mich App 300, 302; 170 NW2d 916 (1969). Principles of due process require dismissal of charges if unjustifiable, preaccusation delay deprived the defendant of the opportunity to prepare a defense. *People v Nuss,* 405 Mich 437, 452-453; 276 NW2d 448 (1979).

The preaccusation delay in this case was justifiable and the defendant failed to prove prejudice. The Flint office of the FBI did not suspect the defendant until March 2, 1984, when an FBI agent in Phoenix, Arizona, relayed a tip implicating the defendant to Agent Nolon in Flint. The Phoenix FBI mailed Nolon photographs of the defendant, which he and Detective Throsby presented to the witnesses on March 21, 1984. The investigating officers learned of the defendant's whereabouts on March 26, 1984. The delay in arresting the defendant after the warrant was issued occurred because the police wanted to extradite the defendant's accomplice from another state and try them together. When this proved impractical, Detective Throsby arranged for transportation of the defendant from Washtenaw County Jail to Genesee County. He encountered various problems, including the unavailability of air transportation, the absence of the defendant from the county jail in order for him to face charges elsewhere, and a request from the defendant's attorney to keep him in Washtenaw County. No evidence was presented below showing prejudice to the defense. The defendant merely asserts that his loss of memory during the delay prevented him from preparing a defense.

With regard to the speedy trial claim, the Court must consider the length of the delay, the reasons

for delay, and whether the defendant demanded a trial. *People v Grimmett,* 388 Mich 590, 606; 202 NW2d 278 (1972). The defendant must prove prejudice when the delay is under 18 months. *People v Collins,* 388 Mich 680, 695; 202 NW2d 769 (1972). The length of delay in the instant case was well under 18 months, so the defendant carries the burden of establishing prejudice. As discussed above, he has not met this burden. Additionally, the defendant did not assert his right to a speedy trial.

The defendant's contention that the 180-day rule was violated is void of merit. First, the defendant raises this argument for the first time on appeal and, therefore, it has not been preserved for appellate review. Second, the 180-day rule applies to persons incarcerated in a state penal institution. MCL 780.131 *et seq.;* MSA 28.969(1) *et seq.* At the time the warrant was issued, the defendant was lodged in the Washtenaw County Jail and, hence, the 180-day rule is inapplicable. See *People v Hastings,* 136 Mich App 380, 382; 356 NW2d 645 (1984).

Defendant's second argument on appeal is that his right to counsel was violated when a photo lineup occurred while defendant was jailed in another county. The right to counsel at pretrial photo lineups attaches when the accused is in custody, readily available, or the focus of investigation. *People v Anderson,* 389 Mich 155, 186-187; 205 NW2d 461 (1973); *People v Harrison,* 138 Mich App 74, 76-77; 359 NW2d 256 (1984). This issue requires this Court to determine whether the defendant's right to counsel had attached when the photo lineup was held on March 21, 1984. Prior to March 21, 1984, the defendant was merely a suspect and the police acquired probable cause to arrest him only after the witnesses made a posi-

tive identification. Although the defendant was incarcerated in Washtenaw County Jail, the investigating officers learned of his whereabouts on March 26, 1984. Apparently, the defendant argues that the investigating officers should have communicated with officials in Washtenaw County to locate the defendant. According to Detective Throsby, he could not have discovered the defendant's location unless he called each of the eighty-three county jails in Michigan. The rule that a defendant is entitled to counsel at a corporeal lineup, as opposed to a photo lineup, when he is in custody usually requires that custody be pursuant to the offense in relation to which the lineup is held. In this case the defendant, although in custody, was not in custody on the charge to which the photo lineup was related. To impose the duty on law enforcement officials which the defendant seeks to have this Court impose would be wholly unrealistic.

Defendant's last argument on appeal is that the trial judge failed to articulate sufficient reasons for departing from the sentencing guidelines when he merely reiterated the factors already calculated into the guidelines. At the sentencing hearing the trial judge noted that the defendant was forty-seven years old and had spent most of his life in prison after being convicted of eleven felonies over a period of time. The judge concluded that the defendant was unresponsive to rehabilitation and that concern for community safety dictated a harsher sentence than recommended by the Sentencing Information Report (SIR).

The defendant argues that the judge's reasons for departing from the SIR were invalid because the guidelines already considered prior convictions. This Court rejected the same argument in *People v Diamond,* 144 Mich App 787; 376 NW2d

192 (1985). The *Diamond* Court reasoned that the guidelines encouraged judges to depart from the guidelines and articulate their reasons for such departure to facilitate improvement of the system. A trial judge's reasons for departing from the SIR can be factors already considered by the guidelines.

Affirmed.