PEOPLE v McFADDEN

Docket No. 87957. Submitted February 17, 1987, at Detroit. Decided
    May 4, 1987. Leave to appeal applied for.

  Jeffrey McFadden was convicted of first-degree murder and pos-
    session of a firearm during the commission of a felony following
    a jury trial in the Wayne Circuit Court, Marriane O. Battani, J.
    Defendant appealed, claiming he was denied effective assistance
    of counsel.

  The Court of Appeals *held:*

  1. At the time defendant was identified in a photographic
    line-up, defendant was neither in custody nor subject to com-
    pulsion to appear in a corporeal line-up, no warrant had been
    issued for defendant's arrest since probable cause was then still
    lacking, and defendant had not yet become the clear focus of
    the investigation. Thus, defendant was not entitled to the
    presence of his counsel at the photographic line-up and trial
    counsel made no mistake in not moving for the suppression of
    evidence of defendant's photographic identification.

  2. The decision by trial counsel not to delve into all contra-
    dictory aspects of witness Cornell Johnson's testimony at pre-
    liminary examination and at trial was a matter of trial strat-
    egy, upon which the Court of Appeals will not substitute its
    judgment. In any event, the record indicated that trial counsel
    subjected Johnson to a rigorous cross-examination and at-
    tempted to impeach Johnson's credibility through use of evi-
    dence of prior convictions.

  Affirmed.

CRIMINAL LAW — ASSISTANCE OF COUNSEL.

  The standard to determine whether a defendant had effective
    assistance of counsel in a criminal trial is that defense counsel
    must perform at least as well as a lawyer with ordinary
    training and skill in the criminal law and must conscientiously

REFERENCES

Am Jur 2d, Criminal Law §§ 752, 984-987.
Modern status of rules and standards in state courts as to adequacy
  of defense counsel's representation of criminal client. 2 ALR4th
  27.

protect his client's interests, undeflected by conflicting consider-
ations; even where the standard is met, a defendant may
nevertheless be entitled to a new trial if the defendant can
show that his counsel had made a serious mistake but for
which the defendant would have had a reasonably likely
chance of acquittal.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Timothy A. Baughman,* Chief of
the Criminal Division, Research, Training and
Appeals, and *Andrea L. Solak,* Principal Attorney,
Appeals.

*Thomas A. Howard* and *Laurel A. Stuart,* for
defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and SULLIVAN
and M. WARSHAWSKY,* JJ.

PER CURIAM. Following a jury trial defendant
was convicted of first-degree murder, MCL 750.316;
MSA 28.548, and possession of a firearm during
the commission of a felony, MCL 750.227b; MSA
28.424(2). Defendant was sentenced to life impris-
onment and appeals as of right contending that he
was denied effective assistance of counsel by trial
counsel's failure to seek suppression of evidence of
a photographic identification of defendant made
without defendant's counsel present and by trial
counsel's failure to impeach a witness with his
preliminary examination testimony. We find both
allegations of error to be meritless and affirm
defendant's convictions.

Defendant contends that his trial counsel was
ineffective under Michigan constitutional stan-
dards. Const 1963, art 1, § 17. In *People v Garcia,*
398 Mich 250, 264; 247 NW2d 547 (1976), the

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

Michigan Supreme Court adopted the test formulated by the Sixth Circuit Court of Appeals in *Beasley v United States,* 491 F2d 687 (CA 6, 1974), as its standard of review of the effectiveness of assistance of counsel. As adopted, the standard requires that defense counsel "perform at least as well as a lawyer with ordinary training and skill in the criminal law" and conscientiously protect his client's interest undeflected by conflicting considerations. The test was further interpreted to provide that, where a defense counsel fails to perform at this minimum level of competence, harmless error tests are not applied and it is unnecessary to affirmatively establish prejudice. *People v Jenkins,* 99 Mich App 518, 519; 297 NW2d 706 (1980). The *Garcia* Court further found that even where defense counsel's performance satisfies the *Beasley* test, the defendant might nevertheless be entitled to a new trial if the defendant could show that his counsel had made a "serious mistake" but for which the defendant would have had a "reasonably likely chance of acquittal." *Garcia, supra.* We find that defense counsel's performance afforded defendant effective assistance of counsel under the *Garcia* standard.

First, defense counsel's failure to move to suppress the photographic identification of defendant did not amount to ineffective assistance of counsel since the photographic line-up procedure was not defective. In *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973), a panel of this Court stated that, subject to certain exceptions, identification by photograph should not be used where the accused is in custody, and that where there is a legitimate reason to use photographs for identification of an accused in custody, the accused has a right to have counsel present during the identification procedure. In *People v Lee,* 391 Mich 618, 624-625; 218

NW2d 655 (1974), the Court said it was the fact of custody which required the implementation of the rules in *Anderson.* The Court specifically declined to extend *Anderson* to precustody or prequestioning phases of the criminal investigation. When the photographic line-up herein took place defendant was neither in custody nor was he readily available for a corporeal line-up. Moreover he had not become the focus of the investigation. See *People v Harrison,* 138 Mich App 74, 76; 359 NW2d 256 (1984), lv den 421 Mich 864 (1985).

"Readily available" has been strictly construed to mean subject to legal compulsion to appear at a line-up. *Harrison, supra,* and the cases cited therein. We do not find that, in this case, defendant was "readily available" for a corporeal line-up. No warrant had been issued for defendant's arrest and thus the police had no means by which defendant could have been compelled to appear. Up to the time of the photographic identification, probable cause for defendant's arrest was still lacking.

Nor do we find that defendant was the focus of the investigation. Other than the fact that defendant had been arrested and released there is no other evidence tending to show that defendant had become the *clear focus* of the investigation at the time that the photographic line-up was conducted. Simply because defendant was under investigation did not make it necessary for counsel to be present at a photographic line-up. *Lee, supra; People v Hoerl,* 88 Mich App 693; 278 NW2d 721 (1979); *Harrison, supra,* p 77. Hence, we conclude that the photographic identification procedure was proper and that trial counsel performed at least as well as a lawyer with ordinary training and skill in deciding not to move to suppress evidence of the identification. Nor do we find that defense counsel made

a serious mistake but for which defendant would have had a reasonably likely chance of acquittal. *Garcia, supra.*

Defendant also contends that trial counsel's failure to impeach Cornell Johnson by use of Johnson's preliminary hearing testimony constituted ineffective assistance of counsel. We disagree. A review of the lower court record reveals that Johnson was the subject of rigorous cross-examination in an attempt to impeach his testimony with respect to the events which he witnessed on the morning that the victim was killed. Furthermore, defense counsel attempted to impeach Johnson's credibility by pointing out Johnson's prior convictions. We find that counsel's performance was equal to that of a lawyer with ordinary training and skill and that he conscientiously protected his client's interests. Moreover we do not find that failure to impeach Johnson on all contradictory aspects of his preliminary examination and trial testimony was a serious mistake but for which defendant would have had a reasonably likely chance of acquittal. *Garcia, supra.* Rather, his decision not to delve into all the differences constituted a matter of trial strategy for which this Court will not substitute its judgment. *People v Harris,* 133 Mich App 646, 654; 350 NW2d 305 (1984).

Affirmed.