# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEVON KEIER BATES,

        Defendant-Appellant.

UNPUBLISHED
August 22, 2017

No. 332356
Genesee Circuit Court
LC No. 15-037517-FC

Before: TALBOT, C.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of second-degree murder, MCL 750.317. The trial court sentenced defendant to 60 to 90 years' imprisonment for the second-degree murder conviction. We affirm.

Defendant contends that his trial counsel's failure to (1) file motions, (2) object to the alleged trial delay, (3) object to the competency and criminal responsibility examiner's report and not request an independent evaluation, and (4) mount an insanity defense fell below an objective standard of reasonableness and that defendant was thereby prejudiced. We disagree.

"A claim of ineffective assistance of counsel presents a mixed question of law and fact." *People v Brown*, 294 Mich App 377, 387; 811 NW2d 531 (2011). "This Court reviews a trial court's findings of fact, if any, for clear error, and reviews de novo the ultimate constitutional issue arising from an ineffective assistance of counsel claim." *Id*. A finding is clearly erroneous if "the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014) (quotation marks and citation omitted). We review an unpreserved claim of ineffective assistance of counsel for errors apparent on the record. *Id*.

"To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his attorney's performance was objectively unreasonable in light of prevailing professional norms; and (2) that he was prejudiced by the deficient performance." *People v Walker*, 497 Mich 894, 895; 855 NW2d 744 (2014). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012) (quotation marks and citation omitted). More specifically, there is a strong presumption that defense counsel employed effective trial strategy, *People v Payne*, 285

-1-

Mich App 181, 190; 774 NW2d 714 (2009), and we "will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence," *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004).

## I. FAILURE TO FILE MOTIONS

Defendant contends that his trial counsel's failure to file motions constituted ineffective assistance of counsel. We disagree. Defense counsel is not required to make a meritless objection. *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014). Generally speaking, the decision whether to file a pretrial motion is a matter of strategy. *People v Knapp*, 244 Mich App 361, 386; 624 NW2d 227 (2001). The failure to file futile motions does not constitute ineffective assistance of counsel. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

The lower court file includes three pro se motions that defendant filed, two prior to trial and one after sentencing. Specifically, on October 12, 2015, defendant submitted two motions requesting that his case be dismissed with prejudice because he was not *Mirandized*[1] upon arrest and his right to a speedy trial was violated. On March 28, 2016, the trial court received defendant's third motion/request for leniency, where he alleged he was unjustly prosecuted. All three requests were improper, as explained below, and there is no record evidence indicating that the trial court considered them. As to the *Miranda* argument, it appears that defendant's motion did not seek suppression of his statement; instead, he requested a dismissal of all charges with prejudice. Furthermore, defendant was *Mirandized* before giving his statement to the police. Regarding the speedy trial argument, defendant's right to a speedy trial was not violated, as analyzed below. Lastly, defendant's request for leniency[2] is not formatted according to MCR 6.502 and is not based in legal reasoning. Accordingly, defendant's trial counsel was not ineffective for failing to file these three futile motions. See *Ericksen*, 288 Mich App at 201.

## II. SPEEDY TRIAL

Defendant contends that his trial counsel was ineffective because counsel failed to assert defendant's right to a speedy trial. We disagree. "In determining whether a defendant has been denied [his right to a speedy trial], this Court applies a four-part balancing test. The four factors include: (1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant. . . . If the total delay, which runs from the date of the defendant's arrest until the time that trial commences, is under 18 months, then the burden is on

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[2] Defendant's appellate counsel attached this letter on appeal, seemingly to demonstrate that trial counsel was ineffective by failing to file it. However, it is not readily apparent that defendant actually considered this a motion; instead, it appears to be a simple plea to the court for leniency.

the defendant to show that he or she suffered prejudice. However, if the delay is over 18 months, prejudice is presumed and the burden is on the prosecution to rebut the presumption." *People v Waclawski*, 286 Mich App 634, 665; 780 NW2d 321 (2009) (citations and internal quotation marks omitted).

At defendant's request, trial counsel made an oral motion to the trial court that defendant was being denied a speedy trial. Specifically, defendant's trial counsel stated, "[Defendant] has indicated to me he believes that he's been denied his right to a speedy trial. I have talked to him about it and told him that, in fact, the time that he was sent to the forensic center tolls that amount of time, and that he has not been denied that, but I wanted to put that on the record for purposes of any appeal he might take at a later date." After considering the prosecution's response, that defendant was not denied his right to a speedy trial, the trial court stated, "I'm going to deny the motion. This case is clearly within the time limits that are permissible."

Considering the factors described above, *id*., the length of the delay from arrest to trial was only 10 months. Approximately two months of that delay occurred because defendant was being evaluated for competency. Defendant first asserted the issue in his October 12, 2015 pro se motion discussed above. His trial began on January 28, 2016, only a few months later. There is no record evidence indicating that defendant was prejudiced by the 10-month delay between arrest and trial, other than appellate counsel's contention that the 10-month wait caused defendant's fragile mental state to deteriorate. However, defendant offers no proof how his mental state was harmed by the alleged delay. Additionally, because the trial occurred within 18 months, prejudice cannot be assumed. See *id.* Therefore, this issue is without merit.

As an additional note, defendant's appellate counsel seems to indicate that defendant should have been tried within 180 days of arrest. We conclude that a 180-day standard does not apply in this context. Defendant's appellate counsel may be misapplying the applicability of MCL 780.131 to defendant's circumstance. Specifically, MCL 780.131(1) states, in relevant part, "Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the *inmate* shall be brought to trial within *180 days*." (Emphasis added.) This 180-day statute only applies to inmates incarcerated in a state prison. *People v Wyngaard*, 151 Mich App 107, 112; 390 NW2d 694 (1986). Defendant was on parole at the time of the crime. Therefore, this statute does not apply. See MCL 780.131(1).

III. COMPETENCY DETERMINATION AND INDEPENDENT EVALUATION

Defendant contends that his trial counsel was ineffective because counsel failed to object to the competency and criminal responsibility determination provided by the state and failed to request an independent evaluation. We disagree. On March 25, 2015, defendant's trial counsel requested a referral to the Center for Forensic Psychiatry to determine defendant's competency to stand trial and his criminal responsibility. The trial court ordered both forensic examinations on the same day. The examiner determined that defendant was competent to stand trial and criminally responsible.

On appeal, defendant argues two significant reasons why defendant's trial counsel should have objected to the examiner's findings: (1) defendant failed to disclose his substance abuse history, and the examiner should have had contradicting information available to determine defendant had a significant substance-abuse history, and (2) the examiner did not consider defendant's medical and psychiatric records when the examiner prepared his findings. However, nothing in the record indicates that the examiner would have reached a different conclusion had he acquired this information. Additionally, while the record does not explicitly identify counsel's strategy, it is reasonable that trial counsel believed that the state's evaluation was proper and sufficient to support his argument that defendant did not have the requisite intent when he murdered Nina Langston because the report discusses defendant's memory loss and hallucinations. Most importantly, defendant is unable to meet his burden to demonstrate he was actually prejudiced by these two concerns. There is no record evidence that substance abuse was a factor in the murder, and there is no evidence that the additional medical and psychiatric records would have affected the outcome. In fact, the examiner knew about defendant's childhood gunshot wound to the head and his blackouts. Additionally, the examiner knew of defendant's self-reported brain damage, impaired long and short-term memory, bipolar disorder, personality disorder, mood swings, anxiety, depression, hallucinations, blackouts and flashbacks. The examiner also stated that defendant may have been overstating his dysfunction for purposes of the case.

As stated above, for trial counsel to be deemed ineffective, his performance must be unreasonable in light of prevailing professional norms and defendant must be prejudiced by the performance. See *Walker*, 497 Mich at 895. Defendant's trial counsel may have strategically determined that an additional evaluation could have negatively impacted his case or further delayed defendant's desire to have a quick trial. Absent a record indicating prejudice, defendant is unable to counter the strong presumption in law that counsel was effective. See *Eisen*, 296 Mich App at 329; *Payne*, 285 Mich App at 190.

## IV. INSANITY DEFENSE

Defendant contends that his trial counsel was ineffective because counsel failed to mount an insanity defense. We disagree. As stated above, defendant requested a competency evaluation, which was provided. It reasonably follows that defendant's trial counsel clearly considered an insanity defense when it made this request. Additionally, just because a strategy does not work, that does not make counsel ineffective. See *Matuszak*, 263 Mich App at 61. Defendant's trial counsel gave insight into his strategy when he said:

I'm not going to be arguing . . . not guilty by reason of insanity and I'm not going to be arguing for involuntary intoxication.

I will be arguing for a manslaughter conviction because . . . I don't believe [defendant] had the mental capacity to premeditate any of this[.]

Additionally, defendant's appellate counsel makes no offer of proof that an insanity defense would have been successful. The record evidence, as shown by the competency evaluation, demonstrates that the opposite is true, as defendant was found to be criminally responsible. Because we will not substitute our judgment for that of counsel on matters of trial strategy, nor

will we use the benefit of hindsight when assessing counsel's competence, and because there is no record evidence that defendant was prejudiced when this defense was not argued, this claim is without merit.  See *Walker*, 497 Mich at 895; *Unger*, 278 Mich App at 242-243.

Affirmed.


/s/ Michael J. Talbot
/s/ David H. Sawyer
/s/ Cynthia Diane Stephens